UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE TRUSTEES OF THE EIGHTH DISTRICT ELECTRICAL PENSION AND BENEFITS FUNDS,<br><br>                  Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, a Delaware Corporation,<br><br>                  Defendant. | Case No. 1:13-cv-00117-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Plaintiff's ("Funds") motion to alter or amend the judgment and motion for attorney fees. (Dkt. 34, 35.) The parties have fully briefed the motions and the matters are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before the Court. Dist. Idaho L. Rule

7.1. For the reasons explained, the Court will grant the Funds' motion to amend the judgment and will deny the motion for attorney fees.

## BACKGROUND

Portneuf Electric Inc. ("Portneuf"), an electrical contractor, entered into a Collective Bargaining Agreement with the International Brotherhood of Electrical Workers Local Union 449. As a result, Portneuf agreed to the terms and conditions of the Trust Agreements of the Plaintiff Benefit Trust Funds. The Agreement required Portneuf to contribute to the Funds for the benefit of its workers.

In 2010, Portneuf became delinquent on its obligations to the Funds, and later filed for bankruptcy under Chapter 11 of the Bankruptcy Code on September 9, 2011. Schedule B identified accounts receivables of $1,205,490.00, and personal property and equipment with an aggregate value of $481,012.63. The bankruptcy schedules indicated the Bank of Commerce ("Bank") held a secured claim in Portneuf's accounts receivables, vehicles, and equipment as of the date of the bankruptcy filing, while the Funds held a $525,000.00 unsecured nonpriority claim. Later, the bankruptcy case was dismissed for lack of ability to confirm a Chapter 11 plan.

On June 29, 2012, Battelle Energy issued Check No. 0864149 in the amount of $75,636.74 drawn on its account with U.S. Bank and made payable to "PORTNEUF ELEC & EIGHTH DISTRICT ELECT PENSION AND BENEFITS F". Hall Decl. ¶ 10 Ex. 2 (Dkt. 17-5.) The check was mailed to Portneuf. Battelle Energy intended that the Check was payable jointly to Portneuf Electric, Inc. and the Eighth District Electrical Pension and Benefits Fund. However, despite the lack of a conforming endorsement

**MEMORANDUM DECISION AND ORDER - 2**

containing the signature of the Funds, Portneuf presented the check to Defendant JP Morgan Chase Bank ("Chase") with its endorsement, and Chase deposited the funds in Portneuf's account.

The Funds filed a one count complaint for damages against Chase for conversion under Article 3 of the Uniform Commercial Code, Idaho Code § 28-3-420, in the amount of the check plus interest.[1] On October 22, 2013, the Funds filed a motion for summary judgment. Later, on December 26, 2013, the Bank moved to intervene, claiming it had an interest in the "proceeds" of the check, because of its security interest in Portneuf's accounts receivable.

On August 29, 2014, the Court issued its memorandum decision and order granting summary judgment in favor of the Funds, and denying the Bank's motion to intervene. The Court found Chase liable for conversion under Article 3 of the Uniform Commercial Code for negotiating the check without the proper endorsement of both payees. As for the Bank, the Court denied its motion to intervene, because the check did not represent an account receivable. Rather, the Funds were suing for damages on a theory of conversion. Specifically, the Court found that "[n]ot only does the definition of an account receivable expressly exclude tort damages for conversion, the Check, and the proceeds from the check, were gone as of July 15, 2012, when the proceeds of the Check were deposited into Portneuf's account. The account receivable existed at the time

---

[1] The prayer for relief asked for judgment in the amount of the check ($75,636.74), "plus accrued interest." Prejudgment interest was not pled as a separate claim.

**MEMORANDUM DECISION AND ORDER - 3**

Battelle owed Portneuf money for services rendered. Portneuf received the money, and the Bank made no claim to it at the time it was paid." (Dkt. 31.)

Citing Fed. R. Civ. P. 59(e), the Funds now ask to amend the judgment entered in the amount of $75,636.74 (the face value of the check) to include prejudgment interest in the amount of $19,545.46 under Idaho Code § 28-22-104. Chase opposes the Funds' motion to amend the judgment, arguing the motion is untimely and, even if timely, should be denied because the damages were not liquidated at the time of conversion. Chase argues that, because the check was a joint check, the extent of the Funds' interest in the check was unknown, and thus its damages were as well.

The Funds also seek attorney fees in the amount of $44,180.95. The Funds claim Chase is liable for $40,111.70 under Idaho Code § 12-120(3), while the Bank should reimburse the Funds $4,069.25 under Idaho Code § 12-121 for filing a frivolous motion to intervene. Chase argues Idaho Code § 12-120(3) does not provide a basis for an award of attorney fees, because the suit was one sounding in tort for damages under a theory of conversion. And, the Bank contends it had a viable theory to pursue its interest in the check's proceeds, so it should not be held accountable under Idaho Code § 12-121 for the attorney fees spent opposing its motion to intervene.

## DISPOSITION

1. **Motion to Amend Under Rule 59(e)**

Rule 59(e) permits parties to file a motion to alter or amend the judgment within 28 days after entry of judgment. Here, the Court entered judgment on September 9, 2014, and the Funds filed its motion on September 15, 2014. But, Chase argues the motion to

**MEMORANDUM DECISION AND ORDER - 4**

amend was untimely because the Funds should have moved for prejudgment interest in its motion for summary judgment, and may not do so now, post-judgment, when there has been no clear error, new evidence, or change in controlling law. In other words, Chase contends the Funds are raising an issue that could and should have been addressed before judgment was entered.

Chase is incorrect here, and the authorities it cites do not apply. In *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 173 (1989), the United States Supreme Court expressly held that a motion for prejudgment interest filed after the entry of judgment "constitutes a Rule 59(e) motion to alter or amend the judgment." Further, it expressly held that the appellate court "was correct to conclude that a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." 489 U.S. at 175.[2] The court reasoned that prejudgment interest is an element of plaintiffs' compensation. *Id.* Although issues may be intertwined with the merits of plaintiffs' primary case, evidence relating to the question of prejudgment interest would be available to the court at the time of disposition (whether by motion or trial), and could be decided within a reasonable time after the entry of a verdict. *Id.* at 175-176.

Chase's argument attempting to limit *Osterneck's* reach because it decided the above issue in the context of whether a motion for prejudgment interest tolled the time within which to appeal under Appellate Rule 4(a)(4) is unavailing. While it is true the Supreme Court's ultimate conclusion determined a motion for prejudgment interest was a

---

[2] The court in dicta stated that the result it reached should be no different when prejudgment interest is available as a matter of right. 489 U.S. at 176 n.3.

**MEMORANDUM DECISION AND ORDER - 5**

Rule 59(e) motion that rendered ineffective a later filed notice of appeal under Appellate Rule 4(a)(4),[3] nothing the court expressed in *Osterneck* limited its ancillary holding that a discretionary (or nondiscretionary) motion for prejudgment interest was properly considered a Rule 59(e) motion.

In fact, the United States Court of Appeals for the Ninth Circuit has expressly followed *Osterneck* in later cases. In *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1133 (9th Cir. 2004), the court applied *Osterneck* and held that a motion to include mandatory prejudgment interest, filed over one year after judgment had been entered, was not a correction of a clerical error such that Rule 60(b) rescued it from the time limitation within which to file a notice of appeal under Rule 4(a). Rather, citing *Osterneck*, the court explained that the plaintiff should have filed a timely Rule 59(e) motion requesting prejudgment interest. *Id.* at 1132-33.[4] The court explained that applying Rule 59(e) "furthers the primary purpose of a finality rule…[because] had McCalla moved for prejudgment interest within 10 days of the judgment from which he originally appealed, the district court would have ruled on the motion before that judgment became final." *Id.* at 1132. *See also Johnson v. Neilson* (*In re Slatkin*), 525 F.3d 805, 820 (9th Cir. 2008) (finding that the court could, under *Osterneck*, properly decide the issue of prejudgment interest after entry of judgment following a jury trial); *Pogor v.*

---

[3] Appellate Rule 4(a)(4) states that a Rule 59(e) motion to alter or amend the judgment tolls the time within which to file a notice of appeal, and the time runs from the entry of the order disposing of the last remaining post-judgment motion.

[4] The court distinguished *McCalla* from other cases applying Rule 60(a) when the language of the judgment awarded prejudgment interest as required by law, but left the actual calculations for later. *McCalla*, 369 F.3d at 1133. In *McCalla*, the judgment was silent and did not include any provision for a prejudgment interest award. The judgment therefore became final absent a timely filed Rule 59(e) motion.

**MEMORANDUM DECISION AND ORDER - 6**

*Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998) (finding Rule 59(e) would allow for a later motion to fix interest when the court's original judgment does not mention an award of interest).

Finally, the Court does not find the cases Chase cited in support of its position persuasive. The cases cited all pertain to the standard of review when a court is presented with a motion to reconsider matters already argued or asserting additional arguments, not to Rule 59(e) motions to amend the judgment to add prejudgment interest. For example, *Novato Fire Prot. Dist. v. U.S.*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999), explained that the district court did not abuse its discretion when it declined to reconsider an argument pertaining to the merits of the court's summary judgment decision. Similarly, in *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), the court was confronted with a rule 59(e) motion arguing, for the first time, that the claims made in the complaint should be considered under a new theory never raised during the summary judgment proceedings.

And, this Court has explained that, when Rule 59(e) motions are used "'as a means to reargue matters already argued and disposed of and to put forward additional arguments which the party could have made but neglected to make before judgment, [s]uch motions are not properly classifiable as being motions under Rule 59(e)' and must therefore be dismissed." *O Bar Cattle Co. v. Owyhee Feeders, Inc.*, No. CV08-149-S-EJL-CWD, 2010 WL 4175058 *2 (D. Idaho Oct. 20, 2010). In other words, motions brought under the guise of Rule 59(e) asking the court to "rethink" matters are subject to a strict standard and ask for an extraordinary remedy.

**MEMORANDUM DECISION AND ORDER - 7**

*First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 572 (7th Cir. 2009), upon which the Chase relies, is not persuasive. Although the appellate court upheld the district court's denial of a Rule 59(e) motion for prejudgment interest as untimely filed post-judgment, it neither explained its reasoning, nor did it foreclose a finding that such a motion would be proper under *Osterneck*. 555 F.3d at 572. Rather, the court cursorily stated that "prejudgment interest *may* be a proper subject for a Rule 59(3) motion, 'so long as the requirements of Rule 59(e) have been complied with,' [but] the bank 'should have requested the prejudgment interest *prior* to judgment.' The district court was entitled to conclude that raising the issue of prejudgment interest for the first time in a Rule 59(3) motion, after summary judgment was entered, was too late." *Id.* Upon review of the district court's order denying the plaintiff's motion for an award of prejudgment interest, it is glaringly apparent that the court denied the motion because the plaintiff's complaint did not seek an award of prejudgment interest, and the plaintiff never asked for prejudgment interest until it filed its Rule 59(e) motion. *First State Bank of Monticello v. The Ohio Ins. Co.*, No. 2:04-cv-2089-HAP-DGB (C.D. Ill. Sept. 6, 2006) (Dkt. 60).

Here, in contrast, the Court is faced with a timely Rule 59(e) motion seeking prejudgment interest, which was asserted as a component of relief in the Funds' complaint. The Funds requested prejudgment interest as a component of its damages in the prayer for relief. Thus, the Funds did request prejudgment interest prior to entry of judgment. And, the Court is not being asked to "rethink" its holding disposing of the claim of conversion, or to apply new arguments to the summary judgment motion already

**MEMORANDUM DECISION AND ORDER - 8**

decided. Moreover, *Osterneck* clearly allows for the Funds to file such a request under Rule 59(e). The cases Chase cited, therefore, do not apply here. The Court therefore finds the Funds' motion was properly filed.[5]

Chase's alternative argument that, although prejudgment interest may be proper, an award should be denied because the amount was not liquidated falls flat as well. Chase argues that the amount of damages was not ascertainable, or liquidated, because Chase could not determine whether the Funds held a 100% interest in the proceeds or some lesser amount because of its joint payee status. However, such is not the proper lens through which to analyze whether a claim is liquidated.

Prejudgment interest is allowed by statute. Idaho Code § 28-22-104(2) allows interest of 12% per year on "[m]oney after the same becomes due." Although prejudgment interest is often disallowed in tort actions, there is an exception for conversion cases. *Schnek v. Smith*, 793 P.2d 231, 232 (Idaho Ct. App. 1990). Prejudgment interest will be allowed where a claim is liquidated, where the amount due can be ascertained by mathematical computation, or where the amount due can be determined by reference to a recognized standard. *Id.* at 233.

Here, the amount was not only liquidated and for a sum certain determinable by the face amount of the check, but even if Chase's argument that it was not liquidated holds some water, the amount due could be ascertained by mathematical computation. The Uniform Commercial Code indicates that the measure of liability for conversion of

---

[5] This Court has, on more than one occasion, invited the parties to file a post-judgment motion seeking prejudgment interest. *See*, *e.g.*, *Davis v. State Farm Fire & Cas. Co.*, No. 4:02-cv-00218-BLW (D. Idaho June 7, 2005) (Judgment Dkt. 36), entering judgment and requesting the parties to file motions for prejudgment interest, attorney fees, and costs in a manner consistent with Fed. R. Civ. P. 54 and Dist. Idaho L. Rule 54.1.

**MEMORANDUM DECISION AND ORDER - 9**

an instrument is "presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument." Idaho Code § 28-3-420(2). Thus, either the Funds were due the amount payable as shown on the face of the instrument, ($75,636.74), or some lesser amount which could be calculated as a straight percentage of the face value of the instrument. In other words, there was mathematical certainty. The fact Chase could not determine until summary judgment whether the Funds were entitled to 100% or some lesser amount is irrelevant. The standard is an objective one based upon whether the Court can determine the amount due precisely or by reference to a simple mathematical formula.

That was certainly the case here, and the Funds are entitled to prejudgment interest in the amount of $19,545.46.[6]

**2.    Motion for Attorney Fees**

**A.    *Attorney Fees Against Defendant Chase***

The Funds argue attorney fees are properly awarded under Idaho Code § 12-120(3), which states:

> In any civil action *to recover on* an open account, account stated, note, bill, *negotiable instrument*, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services *and in any commercial transaction* unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

---

[6] Accrued interest on the award of $75,636.74 from the date of conversion (July 15, 2012) to September 9, 2014, at the statutory rate of 12%, is $19,545.46. Chase did not object to the Funds' calculation.

**MEMORANDUM DECISION AND ORDER - 10**

(italics added).

The Funds assert that a commercial transaction was integral to its conversion claim, because it was brought under the Uniform Commercial Code and involved a contract between the Funds, Portneuf, and Battelle to settle a debt owed to the Funds. Chase counters with its argument that, because the Funds sued for conversion–a tort–and the commercial transaction was not between Chase and the Funds, ection 12-120(3) is inapplicable.[7]

In the only Idaho case involving a negotiable instrument, the Idaho Supreme Court failed to explain why it upheld the trial court's award of fees under section 12-120(3). *Basterrechea Distrib., Inc. v. Idaho State Bank*, 836 P.2d 518 (Idaho 1992). There, a bank customer brought an action against the bank for wrongfully honoring forged checks. The trial court entered judgment on a jury verdict finding the bank liable for one of the forged checks. In its cursory, two sentence determination, the Idaho Supreme Court mentioned the trial court's award of attorney fees to plaintiff under section 12-120(3); determined the plaintiff was the prevailing party on appeal; and, awarded fees under section 12-120(3). *Basterrechea Distrib., Inc.*, 836 P.2d at 523. But the court failed to elaborate why section 12-120(3) applied, or what provision within the statute entitled the plaintiff to fees. Thus, the Court does not find *Basterrechea* particularly helpful or persuasive here, considering the Funds were not a Chase customer; the Funds sued for damages under a

---

[7] The parties agree state law governs the award of attorney fees in this matter because federal courts follow state law as to attorney fees in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1270 (9th Cir. 1978) (applying Idaho law).

**MEMORANDUM DECISION AND ORDER - 11**

theory of conversion; and the underlying contract naming the Funds as a joint payee of the check was not between the Funds and Chase.

And, there is authority to the contrary for the Court to conclude section 12-120(3) does not provide a basis upon which to award attorney fees to the Funds. Beginning with the statutory basis for the Funds' claim under the Uniform Commercial Code, the Code states that the "law applicable to conversion of personal property applies to instruments." Idaho Code § 28-3-420(1). Conversion is considered a tort, and the Funds sued for damages, a point which this Court explicitly recognized in its memorandum decision. Mem. Decision and Order at 16 (Dkt. 31).

The Idaho Supreme Court in *Brooks v. Gigray Ranches, Inc.*, 910 P.2d 744, 750 (Idaho 1996), held that, even though the dispute there arose out of a commercial transaction, the claim for conversion sued upon did not support an award of attorney fees under section 12-120(3). There, the parties had entered into a contract for the care of cows under an agistment contract. Brooks sued for breach of contract, while Gigray Ranches counterclaimed for conversion, seeking proceeds from the sale of the cattle it claimed it was owed. The jury found for Gigray Ranches on the breach of contract claim, and also awarded Gigray Ranches $900 on its counterclaim.

In analyzing why attorney fees were not properly awarded under section 12-120(3), the court explained that the commercial transaction did not "comprise the gravamen of the lawsuit," nor was it integral to the claim and it did not constitute the basis upon which the party was attempting to recover. *Brooks*, 910 P.2d at 750. The court explained that, to hold otherwise, "would be to convert the award of attorney's fees from

**MEMORANDUM DECISION AND ORDER - 12**

an exceptional remedy justified only by statutory authority to a matter of right in virtually every lawsuit filed." *Id.* (quoting *Brower v. E.I. DuPont De Nemours & Co.*, 792 P.2d 345, 349 (Idaho 1990)). Therefore, despite the fact that the conversion claim arose out of a commercial transaction, because the theory of the case upon which recovery was sought was the tort of conversion, fees were not properly awarded under section 12-120(3). *Id.* at 751.

Here, the Court finds *Brooks* controlling. First, the UCC expressly provides that the applicable law is state law applicable to conversion of personal property. *Brooks* was such a case, and the court there declined to apply 12-120(3). And, despite there being an underlying commercial transaction between the Funds, Portneuf and Battelle, the gravamen of the Funds' claim was for damages sounding in tort under the theory of conversion. The commercial transaction did not constitute the basis upon which the Funds sought to recover. Accordingly, the Court declines to apply section 12-120(3) on the theory advanced by the Funds.

Alternatively, the Funds argue the action was "on a negotiable instrument" as defined by the UCC, and so the alternative provision of section 12-120(3) for fees in any civil action on a negotiable instrument applies.[8] But, the action was not "on" a negotiable instrument because it was not one to recover on the check itself. Rather, the Funds sued

---

[8] Idaho Code § 12-120(3) is to be read so as not to create surplusage. Each provision or phrase within the statute provides an independent basis upon which to award fees. *See Boise Truck & Equip., Inc. v. Hafer Logging, Inc.*, 693 P.2d 470, 471 (Idaho 1985) (explaining that the phrase "relating to the purchase or sale of goods" modifies only the words "or contract," and does not modify the other types of action identified by the statute, such as actions on an open account, account stated, note, bill, or negotiable instrument.). *See also Eriksen v. Blue Cross of Idaho Health Servs., Inc.*, 778 P.2d 815, 817 (Idaho 1989) (explaining the term "services" contained within section 12-120(3) is not limited by the words "commercial transaction.").

**MEMORANDUM DECISION AND ORDER - 13**

to recover damages for the wrongful manner in which the check was negotiated by Chase. Chase is liable for damages for the tort of conversion under the UCC, not on the instrument itself. *See, e.g., Idah-Best, Inv. v. First Sec. Bank of Idaho, N.A.*, 584 P.2d 1242, 1253 (Idaho 1978) (explaining that an action for late return of an item was not an action "on a negotiable instrument" within the meaning of section 12-120(3), because it was not an action to recover on the instrument itself but was a suit for the wrongful manner in which the instrument was handled by the payor bank); *Goodman v. Norman Bank of Commerce*, 565 P.2d 372, 375 (Okla. 1977) (explaining that an action against a bank for failure to accept or dishonor a check before the midnight deadline was not an action to recover on a negotiable instrument).[9]

In a case decided by the Court of Appeals of Oklahoma, *Puckett v. Southeast Plaza Bank*, 620 P.2d 461 (Ct. App. Okla. 1980), the facts were remarkably similar to the case before the Court. There, one of two payees on a fire loss draft sued the payor bank to recover damages after the bank wrongfully paid the proceeds of the instrument to the other joint payee without requiring the plaintiff's signature. The plaintiff sought recovery on the theory that the bank paid the proceeds to the other payee on the basis of a forged endorsement, and sought damages as a result of the bank's mishandling of the check. The plaintiff prevailed, and sought fees on the basis of Oklahoma's attorney fee statute, which provides the prevailing party an award of attorney fees in "any civil action to recover on...[a] negotiable instrument."

---

[9] Oklahoma's attorney fee statute is similar to Idaho's statute, and states: "[i]n any civil action …to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, . . . the prevailing party shall be allowed a reasonable attorney fee…" 12 Okla. Stat. Ann. § 936.

**MEMORANDUM DECISION AND ORDER - 14**

The Oklahoma court declined to award fees, because the suit was not a suit "on the negotiable instrument itself. It [was] a tort action to recover damages equal to the face amount of the draft," which is not contemplated by the attorney fee statute. *Puckett*, 620 P.2d at 464. Given the facts and the remarkably similar attorney fee statute, the Court finds *Puckett* persuasive here. This is not a case filing suit "on" a negotiable instrument itself.[10]

In light of *Brooks* and persuasive authority from Oklahoma, the Court declines to award attorney fees to the Funds under Idaho Code § 12-120(3).

**B.** *Attorney Fees Against The Bank*

The Funds assert Idaho Code § 12-121 provides a basis upon which to award it fees vis-à-vis the Bank, because the Bank's motion to intervene was unreasonable, had no merit, and was frivolously pursued. The Bank disagrees, defending its decision to pursue a share of the Funds' damages on the theory that it held a security interest in Portneuf's accounts receivable, and the proceeds of the check represented an account receivable at one time.

Idaho Code § 12-121 allows the court to award "reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees." Under section 12-121,

---

[10] *Douglas Cos. Inc. v. Commercial Nat'l Bank of Texarkana*, 419 F.3d 812 (8th Cir. 2005) is, however, such a case. There, a bank customer sued the bank because the bank improperly encoded a large check and failed to obtain an adjustment when the error was discovered. In that case, the check for $240,000 was improperly encoded for $24,000. In that case, the court upheld an award of attorney fees based upon Arkansas' fee statute, which provides that, "in any civil action to recover on…[a]negotiable instrument…the prevailing party may be allowed a reasonable attorney's fee." 419 F.3d at 821. In that case, the suit was actually "on" the negotiable instrument. The plaintiff was not seeking damages, but rather credit to its account for the full value of the check due to the coding error.

**MEMORANDUM DECISION AND ORDER - 15**

attorney fees can be awarded only if the party's claim was frivolous, unreasonable, and without foundation. *Garner v. Povey*, 259 P.3d 608, 614 (Idaho 2011) (citing Idaho R. Civ. P. 54(e)). An award under section 12-121 is committed to the court's discretion. *Garner*, 259 P.3d at 613.

Courts awarding fees under this statute generally look at the case as a whole. *Garner*, 259 P.3d at 614. It is improper for the court to segregate claims and defenses and parse out which ones were or were not frivolously defended or pursued—rather, the court must view the claims or defenses as a whole. *U.S. Nat'l Bank of Oregon v. Cox*, 889 P.2d 1123, 1125 (Idaho Ct. App. 1995). *See also McGrew v. McGrew*, 82 P.3d 833, 844 (Idaho 2003) (reversing an award of attorney fees under 12-121 because "the entire course" of the litigation was not frivolous, unreasonable, or without foundation). The Court has not unearthed a single Idaho case awarding fees to a party under this section attributable to the successful defeat of one motion.[11]

Therefore, the Court finds the statute does not apply here given the Funds claim fees for the successful defeat of the Bank's single motion to intervene, and not the action as a whole.

## CONCLUSION

Based upon the foregoing, the Court finds the Funds' motion for prejudgment interest timely and properly asserted under Rule 59(e). The Funds' claim was not only

---

[11] The Funds cited to *Bankr. Estate of Charterhouse Boise Downtown Props., LLC v. Boise Tower Assocs., LLC*, (*In re Charterhouse Boise Downtown Props., LLC*), 2010 WL 1049968 (Bankr. D. Idaho Mar. 17, 2010), claiming that fees were awarded to the successful intervenors in that case, which the Funds assert justifies an award of fees here. While it is true that an intervenor sought fees in that case, the bankruptcy court awarded attorney fees on the basis of Idaho Code § 12-120(3), not 12-121. 2010 WL 1049968 at *6. The intervenor's motion to intervene was unopposed as well. The case therefore is inapposite and unpersuasive here.

liquidated, but also could be computed based upon a simple mathematical calculation. As for attorney fees, the Court finds that neither Idaho Code § 12-120(3) nor § 12-121 provide a basis for awarding attorney fees to the Funds.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Amend/Correct Judgment (Dkt. 34) is **GRANTED**.

2) Plaintiff's Motion for Attorney Fees (Dkt. 35) is **DENIED**.

3) Plaintiff shall submit an amended form of Judgment to the Court on or before February 11, 2015.

Dated: **February 03, 2015**

Honorable Candy W. Dale
United States Magistrate Judge